trict of Texas, Dallas, TX, for Plaintiff–Appellee.

Douglas A. Morris, Federal Public Defender's Office Northern District of Texas, Dallas, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Billy Ray Clark has moved for leave to withdraw and has filed a brief as required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Clark has not filed a response. Our independent review of the brief and the record discloses no nonfrivolous issue in this direct appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Alfredo CASTRO–GONZALEZ,
Defendant–Appellant.

No. 04–41712.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Edward F. Garza, Corpus Christi, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Alfredo Castro–Gonzales (Castro) was convicted of illegal reentry following deportation. He argues on appeal that, in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court erred by sentencing him under mandatory Sentencing Guidelines. He also argues that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Castro's first argument for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). The district court's application of the guidelines in their mandatory form constituted error that is plain. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). Castro concedes that he cannot meet the third prong of plain-error analysis, as a review of the record gives no indication that the judge would have sentenced him any differently had he known the guidelines were only advisory. *See Mares,* 402 F.3d at 522. Castro also concedes that this court has rejected his argument that the application of mandatory guidelines is a structural error or is presumptively prejudicial. *See United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 194, 163 L.Ed.2d 209 (2005). He nevertheless raises these arguments to preserve them for further review.

Castro's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Castro contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Castro properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he

raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.